# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Joseph Murphy (M-42534), | ) |
|       Plaintiff, | ) |
| | )    Case No. 22 C 50335 |
|     v. | ) |
| | )    Hon. Iain D. Johnston |
| Andraya Tec, et al., | ) |
|       Defendants. | ) |

## ORDER

     Plaintiff's revised application for leave to proceed *in forma pauperis* [16] is denied. While the financial materials Plaintiff submitted in this case are again incomplete (they do not contain a certification from a proper prison official and they do not contain trust fund statements for the six months prior to filing suit), Plaintiff has submitted those materials in another case he filed at the same time he filed this one, Case No. 22 C 50336 (Dkt. 17.) Accordingly, the Court takes judicial notice of the financial information submitted in Case No. 22 C 50336 and finds that Plaintiff does not qualify to proceed *in forma pauperis*. Thus, Plaintiff's motion to proceed in this case *in forma pauperis* [16], is denied. If Plaintiff wants to proceed with this lawsuit, he must pay the $402 filing fee. Failure to comply with this order by December 15, 2022, will result in summary dismissal of this case. Plaintiff's motion of pleading [14] and motions for attorney representation [4] [15] are denied for the reasons contained in this order.

## STATEMENT

     Plaintiff Joseph Murphy, presently in custody at the Menard Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's application for leave to proceed *in forma pauperis* (IFP) and other motions for miscellaneous relief are before the Court.

     Plaintiff seeks leave to proceed without prepayment of the filing fee. The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full $402 filing fee upfront, he may submit an IFP application—in other words, a request for permission to pay the fee over time with monthly installments taken from his trust fund account. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money the prisoner has on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

     Plaintiff has submitted an application to proceed *in forma pauperis* and partial trust fund statements for the six-month period prior to filing suit on July 14, 2022. The trust fund statements

attached show that during the time-period between January 6, 2022 and May 13, 2022, Plaintiff had a balance exceeding $1,300.00 for part of the time, and that on January 20, 2022, Plaintiff sent large sums out of his trust fund to persons outside the facility (one withdrawal of $800.00 and one for $300.00), all during the six-month time-period prior to filing suit. Again, in April, Plaintiff had $468.30 in his trust fund account, but chose to spend $288.84 at the commissary on April 14, 2022. Plaintiff's claim underlying his complaint involves an allegation of denial of adequate mental health care on January 13, 2022, at Dixon Correctional Center. Accordingly, Plaintiff was aware of his claim at the time he chose to send money out of the facility and make large purchases at the commissary, instead of saving to pay the filing fee in this case.

In light of Plaintiff's trust fund statement, he does not appear to be financially qualified to proceed *in forma pauperis*. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980); *Harris v. Doe*, No. 14 C 10121, 2015 WL 913449, at *1 (N.D. Ill. Feb. 27, 2015).

As a prisoner, Plaintiff "[has] fewer demands on [his] income because [the] prison[] provide[s] [him] with food, clothing, shelter, and medical care." *Maboneza v. Kincaid*, 798 Fed. App'x 19, 21 (7th Cir. 2020) (citing *Kennedy v. Huibtregtse*, 831 F.3d 441, 443 (7th Cir. 2016)). And when Plaintiff was on notice of the nature of his claims, he had an obligation to appropriately save and spend his money. *See Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012) ("Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state.") (citations omitted); *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (noting that a prisoner who "squander[s]" all his assets has the "means" to pay and is not protected by 28 U.S.C. § 1915(b)(4)), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000); *see also Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (noting that a prisoner "can save up . . . and pay the filing fee"). It then follows that even if Plaintiff wanted to use his funds for other purposes, he may not devote his financial resources to discretionary purchases and then plead poverty when it is time to pay the filing fee for a lawsuit he chose to initiate. *Maboneza*, 798 Fed. App'x at 21 ("That Maboneza spent his income on phone calls and commissary items does not necessitate a finding of indigence."); *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) (holding that inmates are not entitled to prioritize personal spending over their filing fee obligations). Accordingly, his application to proceed *in forma pauperis* is denied.

Because Plaintiff does not financially qualify to pay the filing fee in installments, he must prepay the full $402 statutory filing fee if he wishes to proceed with this action. Plaintiff may pay by check or money order made payable to Clerk of Court and mailed to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Plaintiff's failure to do so by the date specified above will result in the summary dismissal of this lawsuit.

Plaintiff has also submitted a motion of pleading, complaining of his inability to obtain adequate financial information to satisfy the Court's requirements to determine his pauper status and two motions for attorney representation. Those motions are denied. Plaintiff has in fact provided sufficient information for the Court to determine that he does not qualify to proceed as a pauper and it is too early to determine whether he requires the assistance of an attorney to proceed

with his claim. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). Accordingly, his motions re denied.

Date: November 16, 2022  By: _____
Iain D. Johnston
United States District Judge